By the Court. Vanderpoel, J.
The statute provides, (2 R. S., p. 493, § 1,) that whenever a debt amounting to $50 or upwards shall be contracted by the master, owner, agent or consignee of any ship or vessel within this state, on account of any work done, or materials or articles furnished, in this state, for or towards the building, repairing, fitting, furnishing, or equipping such ship or vessel, such debt shall be a lien upon such ship or vessel.
*398 The second section provides, that when the ship or vessel shall depart from the ■ port at which she was when such debt was contracted, to some other port within the state, any such debt shall cease to be a lien at the expiration of twelve days after the day of such departure; and in such cases, such lien shall cease immediately after the vessel shall have left this state.
The attachment referred to in the bond in suit, was delivered to the sheriff on Saturday, the second of October, 1847, and was executed by the seizure of the steamboat Alida, on the fourth of October, at one o’clock in the morning.
For the plaintiffs, it is insisted that their claim was upon an implied contract running through the whole season ; that there was no particular job done, but the work was going on through the whole season, and that tho proceeding having been taken within twelve days after the last item, was good for the whole. The referee decided otherwise, and. we approve of the conclusion to which he came. The vessel ran to Albany three times a week, and it seems to be conceded that she went to Albany on the 17th of September. If this was “ a departure from the port.f within the meaning of the statute, then the lien for all charges previous to that date was gone before tire attachment was taken out. The vessel was engaged, in contemplation of law, in making coasting voyages. In The Steamboat Company v. Livingston, (3 Cow. 747,) the court of errors held, that a voyage in a vessel of suitable tonnage between New York and Albany, is as much a coasting voyage as from Boston to Plymouth or New Bedford. Every trip of the boat to Albany was a departure within the meaning of the statute ; and if the plaintiff had a claim or debt, such as is specified in the statute, it ceased to be a lien at the expiration of twelve days after the day of the departure of the vessel. • In Hancox and Others v. Dunning, (6 Hill, 494,) the vessel made a short excursion beyond the bounds of the state, for the mere purpose of testing her machinery, and immediately returned, and it was held that this was not a leaving of the state within the meaning of the statute. But the court then held, that if a vessel departs from the port in which the repairs are made, in the pursuit of some trade or business, that it is a leaving of the port within the *399 meaning of the statute. That was the case of this vessel. She left New York three times a week in pursuit of her regular business ; and we hesitate not to say, that every time she left New York or Albany, she “ departed” from each port within the meaning of the statute.
The referee repudiates the idea that the claim of the plaintiffs was upon an implied contract running through the whole season, and that it was not due until the transfer of the boat took place ; and in this, too, we think he was right. We see nothing in this case that could have prevented the plaintiffs from enforcing payment of their claim for work and materials, every time the vessel departed for Albany, or, at least, every week. Miller, the clerk of the boat, testified that the boat wanted painting every week or two, and whatever was wanted to be done, they ordered the plaintiffs to do; that the painting of certain parts of the boat was done at different times ; they would wear the part painted two or three months, and then paint it again. This gives a fair idea of the character of the work. It was palpably not the result of one entire and indivisible contract. The plaintiffs could have presented their bills and enforced their claims from time to time.
The motion to set aside the report of the referee is denied.